IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN KELLAM, | § | |
| | § | No. 201, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | ID No. 1506014357A |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 12, 2019
Decided: June 13, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

# **O R D E R**

(1)     The appellant and defendant below, Steven Kellam, appeals from jury convictions and a sentencing order in the Superior Court for various charges, including two counts of first-degree murder, one count of racketeering, and multiple counts of home invasion and first-degree robbery.  On appeal, Kellam objects to the Superior Court's admission of certain wiretapped phone calls between him and his codefendants and to the limiting instruction that the trial judge gave the jury as to the use of those phone calls.

(2)     As to the admission of the wiretapped calls, we hold that the Superior Court did not abuse its discretion in admitting this evidence and affirm on the basis of its pertinent rulings from the bench.[1]

(3)     As to the limiting instruction, to which Kellam did not object below, we hold that the Superior Court did not commit plain error in giving that instruction. The instruction made clear—multiple times—that the jury was to use the calls not as character evidence,[2] but only to support the State's claims of a common scheme for the racketeering charge and accomplice liability in directing the codefendants to commit the other offenses.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[1] App. to Opening Br. at A171–79 (Pretrial Hearing Transcript).
[2] *Id.* at A1244–45 (Jury Instructions) ("I repeat to you: You may not use this evidence as proof that the defendant is a bad person and, therefore, probably committed the charged offenses.").
[3] *Id.* ("You may only use the wiretap evidence occurring after January 2015 in considering whether the evidence supports or does not support the State's claims of a common scheme and accomplice liability in directing the co-defendants.").